UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAAD USMAN LODHI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-02351 (UNA) |
| ) | |
| KIMBERLY HOBSON, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

Currently before the court is Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the court will grant the Plaintiff's IFP application, and will dismiss this matter without prejudice.

Plaintiff sues the Virginia Department of Corrections ("DOC"), and from what can be discerned, he also sues two individuals affiliated with the Virginia DOC, and perhaps, the Fairfax County Tax Force, the Fairfax County Sherriff's Office, and additional named and unnamed individuals affiliated with those entities. The intended defendants are difficult to discern because the complaint fails to properly list the defendants, or their given contact information, in contravention of D.C. Local Civil Rule 5.1(c)(1). Moreover, Plaintiff may not sue John or Jane Doe Defendants. *See id*.

The complaint also fails to formally comply with Federal Rule 10(b) and D.C. Local Civil Rules 5.1(d), (g), and the allegations themselves are largely incomprehensible. Plaintiff alleges that (1) his laptop was improperly confiscated pursuant to a 2013 arrest in Virginia for a written threat to do bodily injury and harm, (2) that his email accounts and and records at Frostburg State University were hacked and breached, and that (3) a conspiracy involving "directed energy

1

weapons," "pulsar," and "electromagnetic field force" was perpetuated in committing these alleged bad acts against him. As a result, he contends that his medical research has been hindered and he demands nearly $26 million in damages.

In addition to the above-noted defects, the complaint also fails to comply with Federal Rule 8, which requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that Defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely within this category.

Furthermore, Plaintiff has failed to establish venue in this District. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no

district in which the action may otherwise be brought.  *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue).  None of the parties are located here and none of the acts or omissions giving rise to this case, as far as they can even be understood, occurred in this District.

      As a result, Plaintiff's IFP application is granted, and this matter is dismissed without prejudice.  Plaintiff's pending motion to issue subpoenas, ECF No. 3, is denied as moot.  A separate order accompanies this memorandum opinion.

Date:   October 19, 2023

                                              JIA M. COBB  
                                    United States District Judge